572 F.2d 1211
 16 Fair Empl.Prac.Cas. 898, 16 Empl. Prac.
Dec. P 8128,
24 Cont.Cas.Fed. (CCH) 82,140,
3 Media L. Rep. 2211
 GENERAL DYNAMICS CORPORATION, Appellee,
v.
Ray MARSHALL, Secretary, United States Department of Labor,
Rogers C. B. Morton, Secretary, United States Department of
Commerce, Philip J. Davis, Director, Office of Federal
Contract Compliance Programs, United States Department of
Labor, Robert J. Blackwell, Assistant Secretary for Maritime
Affairs, United States Department of Commerce, John M.
Heneghan, Director, Office of Civil Rights, Maritime
Administration, United States Department of Commerce,
William P. Clements, Deputy Secretary, United States
Department of Defense, Frederick A. Schreiber, Director,
Contracts Compliance, Defense Contract Administration
Services Region, Los Angeles, California, Defense Supply
Agency, United States Department of Defense, Lt. Gen.
Wallace H. Robinson, Jr., Director, Defense Supply Agency,
United States Department of Defense, and James W. Cisco,
Administration Chief, Contracts Administration Services,
Defense Contract Administration Services, Defense Supply
Agency, United States Department of Defense, Appellants.
 No. 77-1192.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1977.
Decided Feb. 14, 1978.
Rehearing and Rehearing En Banc Denied April 27, 1978.
 
 Frederic D. Cohen, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D.C. (argued), Barry A. Short (former U.S. Atty.), St. Louis, Mo., Barbara Allen Babcock, Asst. Atty. Gen., and Leonard Schaitman, App. Section, Civ. Div., Dept. of Justice, Washington, D.C., on brief, for appellants.
 Richard C. Coburn (argued), Thomas E. Douglass, Adrian L. Steel, Jr., St. Louis, Mo., and Richard T. Franch, Jenner & Block, Chicago, Ill., on brief, for appellee.
 Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 General Dynamics Corporation seeks injunctive relief to prevent disclosure of portions of the Affirmative Action Programs (AAP's) of General Dynamics' Electric Boat and Convair Divisions, filed with federal agencies as a condition to the award of government contracts. Third parties had requested the disclosure of the information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.
 
 
 2
 After receiving notice of administrative decisions to disclose much of the requested information, General Dynamics filed suit in the federal district court seeking to permanently enjoin the disclosures. The court recognized that General Dynamics had a valid cause of action arising under FOIA and 18 U.S.C. § 1905. After considering stipulated facts and affidavits filed in support of cross motions for summary judgment, the district court determined that the contested portions of the AAP's were within the scope of 5 U.S.C. § 552(b)(3), which exempts from mandatory disclosure under FOIA information "specifically exempted from disclosure by statute." The basis of the court's determination was its finding that disclosure of the information was prohibited by 18 U.S.C. § 1905. The district court further found that the information in question was within the scope of 5 U.S.C. § 552(b)(4), which exempts confidential commercial and financial information from the provisions of FOIA. The district court granted a permanent injunction prohibiting disclosure of the contested portions of the AAP's of both the Electric Boat and Convair Divisions of General Dynamics, apparently construing the FOIA exemptions as mandatory provisions requiring nondisclosure. General Dynamics Corp. v. Dunlop, 427 F.Supp. 578 (E.D.Mo.1976).
 
 
 3
 We find that the district court erred in construing the statutory exemptions of FOIA to be mandatory and in undertaking de novo review of the administrative determination to disclose the information in question. We reverse and remand for further proceedings.
 
 
 4
 On June 24, 1975, a request for a copy of the Electric Boat Division's AAP was sent to the Maritime Administration. The Maritime Administration informed General Dynamics of this request and the procedures to be followed in objecting to the proposed disclosure. Electric Boat Division objected to the disclosure of parts of the AAP, asserting that the information was exempt from disclosure under FOIA, 5 U.S.C. § 552(b)(4), and regulations of the Office of Federal Contract Compliance Programs (OFCC), 41 C.F.R. § 60-40.3(a)(1) and (2), as confidential commercial and financial information.[1] The Maritime Administration determined that disclosure of the information was proper despite Electric Boat's objections and this decision was upheld by the OFCC on appeal with certain minor exceptions for information relating to specific employees.
 
 
 5
 The Convair Division AAP was requested from the Defense Supply Agency (DSA) on June 2, 1975. Convair Division objected to the disclosure of parts of the AAP on the grounds that the information was "confidential and proprietary data" exempt from disclosure under FOIA. The DSA determined that the contested information did not fall within any FOIA exemption and therefore disclosure was mandated under the Act. The decision to disclose much of the information was affirmed on appeal to the OFCC, although that agency's determination was apparently based on OFCC regulations rather than the provisions of FOIA.
 
 
 6
 As a government contractor, General Dynamics is required by Executive Order 11246, 30 Fed.Reg. 12319 (1965), as amended by Executive Order 11375,32 Fed.Reg. 14303 (1967), to take affirmative action to eliminate discriminatory employment practices. Regulations promulgated by the Secretary of Labor require that certain government contractors prepare and make available for administrative inspection AAP's providing information on past and projected employment of women and minorities. 41 C.F.R. §§ 60-1.40, 60-2.1. The regulations delegate administrative responsibility for enforcing the Executive Order to the Director of the Office of Federal Contract Compliance Programs. 41 C.F.R. § 60-1.2. The Director, in turn, has designated certain "compliance agencies" which have primary responsibility for monitoring compliance with the provisions of the Executive Order. 41 C.F.R. §§ 60-1.3, 60-1.6. The Maritime Commission and the DSA are the compliance agencies for the Electric Boat and Convair Divisions, respectively.
 
 
 7
 The provisions of FOIA are applicable to records submitted to the compliance agencies, and in addition the Secretary of Labor has promulgated regulations setting out guidelines for the disclosure of information received by the OFCC or its compliance agencies from government contractors. See 41 C.F.R. § 60-40.1 et seq. These regulations are designed to implement FOIA and reflect the policy of the OFCC to disclose information to the public and cooperate with other agencies and private parties seeking to eliminate discrimination in employment.[2]
 
 
 8
 The FOIA requires agencies to disclose upon request information not specifically exempt under 5 U.S.C. § 552(b). See Department of the Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); EPA v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The Act expressly creates a cause of action in favor of parties requesting information to enjoin agencies from withholding that information. 5 U.S.C. § 552(a)(4)(B). It is likewise clear that only information which falls within the exemptions listed in FOIA may be withheld by the agency despite a request for disclosure. However, the Act does not create a cause of action for submitters of information to enjoin an agency from disclosing information within the exemptions listed in § 552(b). In plain terms, FOIA is simply not applicable in reverse cases since the statute unequivocally states that the Act "does not apply" to matters of the type specified in the exemptions. 5 U.S.C. § 552(b).
 
 
 9
 Despite this clear statutory language, courts have reached conflicting decisions as to the permissive or mandatory nature of the exemptions and the existence of a cause of action, based on FOIA itself, to enjoin proposed disclosure of information within the exemptions. See Westinghouse Electric Corp. v. Schlesinger, 542 F.2d 1190 (4th Cir. 1976), cert. denied, 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977) (holding that a cause of action exists to enjoin disclosure of exempt information); Union Oil Co. v. FPC, 542 F.2d 1036, 1045 (9th Cir. 1976) (language, subsequently withdrawn as premature, to the effect that FOIA exemptions mandate nondisclosure); Pennzoil Co. v. FPC, 534 F.2d 627, 630 (5th Cir. 1976) (holding that exemptions are permissive); Charles River Park "A", Inc. v. HUD, 171 U.S.App.D.C. 286, 519 F.2d 935, 941 (1975) (holding exemptions permissive).[3]
 
 
 10
 In the most recent decision, Chrysler Corp. v. Schlesinger, 565 F.2d 1172 (3d Cir. 1977), petition for cert. filed sub nom. Chrysler Corp. v. Brown, 46 U.S.L.W. 3438 (U.S. Dec. 27, 1977) (No. 77-922), the Third Circuit reviewed the legislative history of FOIA exemptions. In a well-reasoned opinion by Judge Gibbons the court held that both the Act and its legislative history clearly establish that there exists no statutory mandate of nondisclosure of exempt information nor any cause of action to prevent disclosure of such information.[4] We agree. Any other construction would controvert "the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Department of the Air Force v. Rose, supra, 425 U.S. at 361, 96 S.Ct. at 1599.
 
 
 11
 Such a construction is in harmony with the principal statement by the Supreme Court as to the effect of FOIA exemptions:
 
 
 12
 Without question, the Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands. Subsection (b) is part of this scheme and represents the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses. As the Senate Committee explained, it was not "an easy task to balance the opposing interests, but it is not an impossible one either . . . . Success lies in providing a workable formula which encompasses, balances, and protects all interests, yet places emphasis on the fullest responsible disclosure." S.Rep.No. 813, p. 3. (89th Cong., 1st Sess. (1965)).
 
 
 13
 EPA v. Mink, supra 410 U.S. at 80, 93 S.Ct. at 832 (emphasis added).
 
 
 14
 See also Department of the Air Force v. Rose, supra 425 U.S. at 361-62, 96 S.Ct. 1592.
 
 
 15
 We find the district court erred in construing the exemptions as mandatory provisions requiring nondisclosure and affording a basis for injunctive relief.
 
 
 16
 The district court alternatively held that 18 U.S.C. § 1905 provided a cause of action to enjoin disclosure of information submitted to government agencies. Section 1905 is a criminal statute providing penalties for disclosure of a broad class of information where disclosure is "not authorized by law."[5] In view of the limited circumstances in which a private cause of action may be implied from a federal criminal statute, Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), we endorse the view expressed in the Chrysler case that 18 U.S.C. § 1905 does not afford submitters of information a cause of action for injunctive relief against proposed disclosures by administrative agencies. See Chrysler Corp. v. Schlesinger, supra at 1188. Furthermore, even assuming the applicability of § 1905, the statute's criminal sanctions for disclosure of information apply only to disclosures "not authorized by law." Here, OFCC regulations specifically provide for the disclosure of AAP's upon a finding that disclosure would be in the public interest and would not impede agency functions. See 41 C.F.R. § 60-40.2.[6] We find disclosure pursuant to the OFCC regulations is "authorized by law" and not within the prohibition of 18 U.S.C. § 1905. See Chrysler Corp. v. Schlesinger, supra at 1186-88. But see Westinghouse Electric Corp. v. Schlesinger, supra at 1201-03; Charles River Park "A", Inc. v. HUD, supra 171 U.S.App.D.C. at 293-94, 519 F.2d at 942-43.[7]
 
 
 17
 Faced with administrative determinations by the OFCC to disclose information pursuant to the regulations of that agency, General Dynamics did have the right to seek judicial review of the decisions under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Such action would not, however, entail de novo review by the district court but would instead require a determination on the administrative record of whether the agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). See Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).
 
 
 18
 The procedure for review by the district court in reverse FOIA cases under the APA is made clear in the Chrysler case. First, the court must determine whether the contested information is within the scope of FOIA; second, assuming that it is, the court must decide whether the information falls within any FOIA exemption. If the agency has determined that no exemption is applicable the reviewing court must examine whether the agency has applied the correct legal standards in its determination. On the other hand, if the agency has found that an exemption is applicable but disclosure is nonetheless permissible and desired, the court must review the agency's decision in light of the governing legal standards (e. g., the agency's regulations) and the reasonableness of the agency's factual judgment. The court shall, however, determine on the basis of the administrative record whether the agency decision must be set aside as arbitrary or capricious. In doing so the district court cannot merely substitute its own judgment for that of the agency. When the record is deemed inadequate the court may require the agency to supplement the administrative record as to the reasons for its holding or remand to the agency for additional proceedings.[8]
 
 
 19
 In the present case the administrative record fails to disclose the underlying bases of the disclosure order of the OFCC concerning the AAP of the Convair Division. We are left in doubt as to whether the agency felt the exemptions were applicable, and, if so, whether under its regulations such disclosure would be in the public interest and would not impede the discharge of agency functions. The rationale for the conclusion of the OFCC is not set forth. Under the circumstances we deem it necessary to remand the case to the district court based solely on the inadequacy of the administrative record.
 
 
 20
 In contrast to the determination regarding the AAP of Convair, the OFCC set forth the following major points in denying the Electric Boat Division's objections to the Maritime Administration's disclosure order: (1) Electric Boat failed to meet its burden under 41 C.F.R. § 60-60.4(d) to demonstrate that the information in question should not be disclosed under the standards set forth in 41 C.F.R. § 60-40.3; (2) disclosure of the information would not benefit competitors in submitting bids against Electric Boat on contracts; (3) FOIA exemptions are permissive rather than mandatory; and (4) disclosure of the information would benefit the public because
 
 
 21
 (i)nternal and external dissemination of an employer's affirmative action program enables employees and potential applicants for employment to know and avail themselves of opportunities. Such dissemination enables interested persons to appreciate the detailed analysis performed by the contractor in establishing his equal employment program and the effort expended in achieving the goal.
 
 
 22
 Notwithstanding the more complete attempt to comply with its regulations, the OFCC's decision does not consider whether disclosure might affect or impede the overall effectiveness of the agency in discharging its functions. This is a standard of legal concern promulgated by the agency. Although it might be argued that the finding is implicit in the agency's order of disclosure, we think the importance of the question requires explicit evidence that the agency has in fact given consideration to this factor before ordering disclosure. The district court is at liberty to require the OFCC to supplement the administrative record in this regard or to remand the case to the agency for this determination. The district court on review must then decide whether the agency's determination is a lawful one under the standards of review set forth herein.
 
 
 23
 The order of the district court granting injunctive relief is vacated and the cause is remanded to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 FOIA lists nine specific exemptions from the otherwise mandatory disclosure required by the Act, two of which are relevant to this appeal:
 This section does not apply to matters that are
 (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;
 (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential . . . .
 5 U.S.C. § 552(b).
 The OFCC regulations also exempt certain materials from required disclosure:
 Information exempt from compulsory disclosure and which may be withheld.
 (a) The following documents or parts thereof are exempt from mandatory disclosure by the OFCC and the compliance agencies, and should be withheld if it is determined that the requested inspection or copying does not further the public interest and might impede the discharge of any of the functions of the OFCC or the Compliance Agencies.
 (1) Those portions of affirmative action plans such as goals and timetables which would be confidential commercial or financial information because they indicate, and only to the extent that they indicate, that a contractor plans major shifts or changes in his personnel requirements and he has not made this information available to the public. A determination by an agency to withhold this type of information should be made only after receiving verification and a satisfactory explanation from the contractor that the information should be withheld.
 (2) Those portions of affirmative action plans which constitute information on staffing patterns and pay scales but only to the extent that their release would injure the business or financial position of the contractor, would constitute a release of confidential financial information of an employee or would constitute an unwarranted invasion of the privacy of an employee. . . .
 
 
 [41]
 C.F.R. § 60-40.3
 
 
 [2]
 In addition to the disclosure requirements imposed by FOIA, the OFCC regulations mandate disclosure by the agency, upon specified findings, of a broad class of documents, including some information that would be exempt under FOIA. Specifically, the regulations provide:
 (a) Upon the request of any person for identifiable records obtained or generated pursuant to Executive Order 11246 (as amended) such records shall be made available for inspection and copying, notwithstanding the applicability of the exemption from mandatory disclosure set forth in 5 U.S.C. 552 subsection (b), if it is determined that the requested inspection or copying furthers the public interest and does not impede any of the functions of the OFCC or the Compliance Agencies except in the case of records disclosure of which is prohibited by law.
 (b) Consistent with the above, all contract compliance documents within the custody of the OFCC and the Compliance Agencies shall be disclosed upon request unless specifically prohibited by law or as limited elsewhere herein. The types of documents which if in the custody of the OFCC or Compliance Agencies must be disclosed include, but are not limited to, the following:
 (1) Affirmative action plans, whether or not reviewed and finally accepted by the OFCC or the Compliance Agencies except as limited in 41 CFR 60-40.3(a)(1). . . .
 
 
 [41]
 C.F.R. § 60-40.2
 
 
 [3]
 But see K. Davis, Administrative Law Treatise § 3A.5, at 122 (Supp.1970), where the commentator unequivocally states:
 The exemptions protect against required disclosure, not against disclosure. The Act leaves officers free to disclose or withhold records covered by the exemptions, but they may then be governed by other statutory law, by the common law, by executive privilege, by executive orders, or by agency-made law in the form of regulations, orders, or instructions.
 
 
 [4]
 The legislative history of the 1974 amendments to FOIA leave little doubt that Congress' intent was that the exemptions be considered permissive:
 Congress did not intend the exemptions in the FOIA to be used either to prohibit disclosure of information or to justify automatic withholding of information. Rather, they are only permissive. They merely mark the outer limits of information that may be withheld where the agency makes a specific affirmative determination that the public interest and the specific circumstances presented dictate as well as that the intent of the exemption relied on allows that the information should be withheld. . . .
 A number of agencies have by regulation adopted this position that, notwithstanding applicability of an FOIA exemption, records must be disclosed where there is no compelling reason for withholding. . . . This approach was clearly intended by Congress in passing the FOIA.
 S.Rep.No. 93-854, 93d Cong., 2d Sess. 6 (1974).
 
 
 [5]
 Title 18 U.S.C. § 1905 provides as follows:
 Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment.
 
 
 [6]
 Promulgation of regulations setting out procedures for handling agency documents is authorized by 5 U.S.C. § 301, which states:
 The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.
 
 
 [7]
 Under our holding, we think it clear that not only does § 1905 fail to provide a private cause of action, but for the reasons stated, contrary to the district court's holding, it does not afford a basis for exemption under § 552(b)(3)
 
 
 [8]
 In the present case the district court considered stipulated facts and a number of affidavits submitted by General Dynamics in support of its allegations that disclosure of the information contained in the AAP's would harm General Dynamics in its competitive position and in its labor relations. As indicated, we feel this was error in that the district court review should be only upon the administrative record. This does not preclude testimony or affidavits from the administrator setting forth reasons for the agency decision. See Camp v. Pitts, 411 U.S. 138, 142-43, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). In the present case, at least as it concerns the AAP of the Convair Division, as in the Chrysler decision, the agency record is too ambiguous for the court to comprehend the rationale of the agency's holding. Under the circumstances we feel a remand by the district court to the agency is the more appropriate procedure to be followed