**DOCTORS HOSPITAL OF SARASOTA, INC., a Florida Corporation, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, and Blue Cross of Florida, Inc., a Florida Corporation, Defendants.**

No. 78–314 Civ. T–K.

United States District Court, M. D. Florida, Tampa Division.

Aug. 21, 1978.

R. S. Koss, Sarasota, Fla., for plaintiff.

W. Christian Hoyer, Asst. U. S. Atty., Tampa, Fla., Carl H. Harper, Regional Atty., F. Richard Waitsman, Asst. Reg. Atty., Dept. of HEW, Atlanta, Ga., for defendants.

## ORDER

KRENTZMAN, District Judge.

This is a case arising under various information-disclosure statutes passed by Congress. A non-party state governmental organization—the Department of Health and Rehabilitative Services (HRS)—seeks to get information from the federal government that the latter uses to pay a group of doctors for performing Medicare services. The federal government in this case wishes to turn over the information to the State, but the group of doctors opposes disclosure of the information on grounds of various statutes enacted by Congress, and has filed for a preliminary injunction to prevent disclosure. The plaintiff herein is a group called Doctors' Hospital of Sarasota, Inc., a health care provider in the Medicare/Medicaid program. Doctors' Hospital treats patients in that program; the bills for such treatment are sent to an intermediary for the federal government, defendant Blue Cross of Florida, Inc. Blue Cross pays the bills on a monthly basis, subject to later adjustment by the federal defendant, Joseph A. Califano, Jr., Secretary of Health, Education, and Welfare. Plaintiff sends the information at issue in this case to the Secretary to enable his staff to decide whether the monthly payments made by the intermediary, defendant Blue Cross, were properly made. The information used by the HEW staff in making such determinations is that same information that is the subject of this suit.

■ Plaintiff has asked the Court for a preliminary injunction, the granting of which depends on plaintiff's ability to persuade the Court of the presence of four factors:

(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant[s], and (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974). The preliminary injunction has been characterized as an "extraordinary and drastic remedy," one "which should not be granted unless the movant clearly carries the burden of persuasion." *Id.* at 573.

The initial question, then, is the likelihood of plaintiff prevailing on the merits. To discuss this, the Court must turn to an examination of the authority in statute and regulation for the actions taken here and the rights proposed to be asserted.

The federal defendant proposes to release the information requested under the authority of an HEW regulation, 20 C.F.R. Sec. 422.435:

The following shall be made available to the public under the conditions specified:

. . . . .

(c) Upon request in writing, cost reports submitted by providers of services pursuant to section 1815 of the Act to enable the Secretary to determine amounts due such providers.

Plaintiff argues that the promulgation of such regulation was an abuse of discretion within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A):

. . . The reviewing court shall—

. . . . .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .

The abuse of discretion, according to plaintiff, lies in allowing by regulation the release of information in contravention of the mandate of 18 U.S.C. § 1905, which is a criminal statute forbidding the disclosure by any government employee

. . . to any extent not authorized by law any information coming to him in the course of his employment or official duties . . . or [any] report or record made to or filed with, such department . . . which information concerns or relates to the trade secrets, . . operations, . . . or . . . confidential statistical data, amount or source of any income, profits, losses, or expenditures of any . . . corporation . . .

Also at issue here is the Freedom of Information Act (FOIA), which sets forth provisions for the disclosure of information by the federal government. In general, the FOIA requires disclosure of information held by the government, and requires all agencies to set up orderly procedures therefor. 5 U.S.C. § 552(a). Then it exempts certain matters entirely from its operation:

This section does not apply to matters that are—

. . . . .

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential.

5 U.S.C. § 552(b)(4). This is commonly referred to as the "b(4) exemption."

The initial question would be whether any of these statutes accord plaintiff here a right to relief. It seems clear that in the Fifth Circuit some right accrues to persons who provide such information as is defined in 5 U.S.C. § 552(b)(4). *Pennzoil Co. v. Federal Power Commission,* 534 F.2d 627, 632 (5th Cir. 1976). Accordingly, the Court must proceed to examine the relationship

among the authorities contained in statute and regulation, *supra.*

■ First of all, it is clear that the FOIA does not prohibit disclosure of the information. It is a commonplace that the FOIA forbids no disclosure by the government. *Pennzoil v. Federal Power Commission, supra.* Rather, it is structured to compel disclosure under certain circumstances. *Department of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The provision for compelled disclosure "does not apply" to the types of material exempted, 5 U.S.C. § 552(b); obviously, no mandate of nondisclosure is present therein. To the extent that the Fifth Circuit indicated otherwise in *Continental Oil v. Federal Power Commission,* 519 F.2d 31, 35 (5th Cir. 1975), *cert. denied sub. nom. Superior Oil Co. v. Federal Power Commission,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 794 (1976), that holding was modified by the Supreme Court's decision in *Department of the Air Force v. Rose, supra,* and the Fifth Circuit's subsequent decision in *Pennzoil v. Federal Power Commission, supra.* Any doubt as to this is dispelled by the Fifth Circuit's language in *Superior Oil Co. v. Federal Energy Regulatory Commission,* 563 F.2d 191, 203–04 (5th Cir. 1977).

■ The inquiry would then turn to other authority that would allow the release of the information. 20 C.F.R. Sec. 422. 435(c), quoted supra, clearly authorizes the release of cost reports. The issuance of the regulation would appear to be authorized ab initio by 42 U.S.C. § 1306, which provides that no disclosure of HEW files or information may be made "except as the Secretary of Health, Education, and Welfare . . may by regulations prescribe." The federal defendant's promulgation of this regulation is not challenged by plaintiff except insofar as it is alleged to conflict with controlling substantive law contained in the FOIA, HEW regulations, and 18 U.S.C. § 1905.

■ The Court first turns to the conflict that is alleged to exist with the FOIA, specifically the b(4) exemption. The Fifth Circuit has had occasion to consider the

validity of regulations requiring the disclosure of information falling within the b(4) exemption. In *Pennzoil v. Federal Power Commission, supra,* the Circuit held that, while the FOIA forbids no disclosure, nonetheless the

> . . . FOIA is not irrelevant in determining whether information encompassed in its exclusions should be disclosed. In reviewing the agency's exercise of discretion concerning the release of such information, this court must be cognizant of the fact that Congress in drafting a broad disclosure statute found sufficient justification for withholding this type of information from public perusal.

534 F.2d at 630.[1] Ultimately in *Pennzoil* the Circuit held that the agency's failure to fully consider the factors relevant to the congressional purpose in enacting the b(4) exemption warranted a remand to consider the relevant factors. *Id.* at 632. The factors to be considered were: (1) whether disclosure would significantly aid the agency in performing its functions; (2) the harm to the producers and to the public generally; and (3) whether alternatives to full disclosure could serve the public interest equally. *Id.*

There is a significant difference between the *Pennzoil* case and the case at bar. In *Pennzoil,* the agency had merely indicated that it was cognizant that its disclosure order might cause harm, but that the public interest outweighed the harm; the Circuit held that

> this brief statement is inadequate as an articulation of a finding that disclosure of this information serves a legitimate regulatory function.

*Id.* By contrast, the federal defendant here encloses as "Exhibit B" a four page Memorandum of Record which sets forth the agency's reasons for allowing public access to the cost reports.[2]

 The Court is of the opinion that the Memorandum of Decision fully satisfies the requirements set forth in *Pennzoil.* The aid to the agency in performing its functions is clearly set forth where the agency finds that disclosure will assure the public of the proper expenditure of public funds, the quality of services provided, and the financial commitment and financial stability of providers. The harm to the providers is also considered; the agency found that the providers do not compete in the market place in the manner of other portions of the economy, and that the injury claimed is highly speculative.[3] The Memorandum of Decision does not directly address the question whether alternatives to full disclosure could serve the public interest equally, but the information that plaintiff identifies in its complaint as being "secret and confidential"—capital expenditures, relationship with co-owned organizations, revenues and operating expenses—is precisely that kind of information the agency found would benefit the public in determining the propriety of government expenditures and the commitment of providers to the program.

Even if the *Pennzoil* criteria had not been met in this case, the Court would hesitate to find that an abuse of discretion had been committed by the federal defendant here.

*Pennzoil* requires that a balance be struck between the public and private interests,

---

1. See *Westinghouse Elec. Corp. v. Schlesinger,* 542 F.2d 1190 (4th Cir. 1976); *but see Chrysler Corp. v. Schlesinger,* 565 F.2d 1172, 1184–86 (3d Cir. 1977), *cert. granted* 435 U.S. 914, 98 S.Ct. 1466, 55 L.Ed.2d 504 (1978).

2. The promulgation of the regulation is not challenged by plaintiff except insofar as it is claimed to be inconsistent with substantive controlling law. Since no challenge is made to the applicability of the Memorandum of Record, the Court accepts it as a proper statement of the agency's reasons for promulgating the challenged regulation.

3. There is no reason for the agency to have considered the potential harm to the public in this instance. That particular requirement is mentioned in the *Pennzoil* case because of an earlier finding the agency had made regarding the potential harm to the public in disclosure of certain information regarding gas reserves. In any event, the finding regarding the public's interest in the proper expenditure of funds indicates that the public's interest was considered.

broadly viewed. In the context of a government-regulated industry, to require detailed agency findings is reasonable when the extraction of information is required; after all, the industry itself is not expected necessarily, and does not usually claim, to receive benefits from the government's supervision. In that context, the FOIA is an expression of congressional concern over the kinds of information the extraction and publication of which, in the view of Congress, might cause damage to an industry whose competitiveness and efficiency are to be assisted by regulation. See *Pennzoil* at 630–31.

In the HEW context, the providers form a government-supported industry which receives substantial benefits from a government program; in order to receive such benefits, they must submit certain information necessary for orderly administration and efficient expenditure of public funds. No information is extracted from the providers. No statute or regulation compels, so far as the Court is aware, physicians to form into groups and claim government benefits. The regulations imposed herein are those of the voluntarily regulated and the information disclosed is freely disclosed. To burden HEW by requiring additional findings, simply to release this information which has been freely disclosed, would require a strained reading of the FOIA's liberal disclosure rules.

■■■ For the reasons given *supra,* the Court finds that the disclosure regulation is not invalid by reason of the b(4) exemption standing alone, and therefore its promulgation cannot be considered an abuse of discretion simply because it falls within a category not covered by the FOIA. For this reason, the HEW regulations cited by plaintiff (*e. g.* 20 C.F.R. Sec. 422.401) that make HEW disclosure policy subject to the terms of the FOIA would likewise not operate to prohibit disclosure.

■■■ The Court now turns to the question whether the disclosure regulation is an abuse of agency discretion because of a conflict with 18 U.S.C. § 1905. The statute, quoted more fully *supra,* forbids the disclosure of

confidential statistical data, amount or source of any income, profits, losses, or expenditures of any . . . corporation . . .

but only to the extent that such disclosure is "not authorized by law." As noted *supra,* plaintiff does not allege that the HEW was without power to issue the disclosure regulation, *except* insofar as such regulation conflicts with other controlling substantive law. Since the Court has found that the FOIA does not prohibit disclosure, and that regulations allowing the disclosure of material exempted by the FOIA are not for that reason invalid, it would appear from a simple reading of the statute that disclosure of information under a validly issued regulation is "authorized by law" for the purposes of 18 U.S.C. § 1905. The Court so holds. *Westinghouse Elec. Corp. v. Nuclear Regulatory Commission,* 555 F.2d 82, 94 (3d Cir. 1977).

Unfortunately, the Court's inquiry does not end there. Although the Fifth Circuit has never considered the applicability of the FOIA in the context of 18 U.S.C. § 1905, several courts have held that materials exempt from required disclosure under the FOIA are exactly such materials disclosure of which is not authorized by law within the meaning of 18 U.S.C. § 1905. *Westinghouse Elec. Corp. v. Schlesinger,* 542 F.2d 1190 (4th Cir. 1976), *cert. denied sub nom. Brown v. Westinghouse Elec. Corp.,* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977); *Westchester General Hospital, Inc. v. Dep't of Health, Education and Welfare,* 434 F.Supp. 435 (M.D.Fla.1977); *Parkridge Hospital, Inc. v. Blue Cross and Blue Shield,* 430 F.Supp. 1093 (E.D.Tenn.1977); *McCoy v. Weinberger,* 386 F.Supp. 504 (W.D.Ky. 1974). Other circuits have held, to the contrary, that information disclosure pursuant to a validly enacted agency regulation is authorized by law for the purposes of 18 U.S.C. § 1905. *General Dynamics Corp. v. Marshall,* 572 F.2d 1211, 1217 (8th Cir. 1978); *Chrysler Corp. v. Schlesinger,* 565 F.2d 1172, 1186–88 (3d Cir. 1977); *cert. granted* 435 U.S. 914, 98 S.Ct. 1466, 55

482

L.Ed.2d 504 (1978); *Westinghouse Elec. Corp. v. U. S. Nuclear Regulatory Commission, supra. See Sears, Roebuck & Co. v. General Services Administration,* 180 U.S. App.D.C. 202, 207–209, 553 F.2d 1378, 1383–85 (1977). Absent controlling precedent from the Fifth Circuit or the Supreme Court, this Court finds the latter authorities persuasive and more consonant with public policy as enacted by Congress in FOIA. In any event, where Congress has legislated authorization for an agency to disclose information generally, 42 U.S.C. § 1306, has considered the kind of information at issue here and refused to require the withholding of same, 5 U.S.C. § 552(b)(4), it would be anomalous for the Court to find that the disclosure of such information was not "authorized by law."

■ For the reasons stated *supra,* plaintiff does not carry its burden of persuading the Court that there exists a substantial likelihood that it will prevail on the merits. Therefore, the Court need not consider whether plaintiff could have met the requirements of *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974), with respect to the other prerequisites for preliminary injunction.

In accordance herewith, the Court is of the opinion that plaintiff's motion for preliminary injunction should be, and it is hereby, DENIED.

Defendant Califano has moved for summary judgment. Although the Court's decision herein would appear to resolve the issues in defendant's favor in a manner that would indicate that there are no contested issues of material fact, the Court shall withhold ruling on the motion for a period of ten days to allow the plaintiff to respond to the motion. This is not intended, however, to require defendants to withhold the requested information during the intervening time.

The Clerk is directed to return the submitted in camera material to defendant Blue Cross.