**ST. MARY'S HOSPITAL, INC., Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, and Blue Cross of Florida, Defendants.**

No. 78–8001–CIV–CF.

United States District Court,
S. D. Florida.

Dec. 18, 1978.

Herbert C. Gibson, West Palm Beach, Fla., for plaintiff.

Jacob V. Eskenazi, U. S. Atty., Don R. Boswell, Asst. U. S. Atty., Miami, Fla., Carl H. Harper, Regional Atty., F. Richard Waitsman, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., for defendants.

## ORDER

FULTON, Senior District Judge.

This cause came on before the Court on cross motions for summary judgment.

Plaintiff, St. Mary's Hospital, is a provider of Medicare services pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395h. Defendants, the Secretary of HEW and Blue Cross of Florida, reimburse providers of Medicare services rendered, and maintain cost reports of these disbursements. Reimbursements to providers of Medicare services are carried out by either the Secretary, or more commonly, by private organizations such as Blue Cross of Florida acting under contract with the Secretary. This reimbursement process naturally requires a determination of the cost of services rendered by the participating hospital. To that end, providers are required by law to provide annual "cost reports" to the Secretary. 42 U.S.C. § 1395g. Plaintiff's cost report for fiscal year 1977 is the subject of this controversy.

The defendants have received requests from third parties for disclosure of plaintiff's 1977 cost reports. Defendants have notified plaintiff of these requests and that the cost reports in question will be furnished pursuant to 20 C.F.R. § 422.435. That regulation provides:

> The following shall be made available to the public under the conditions specified.
>
> . . . . .
>
> . . . . . Upon request in writing, cost reports submitted by providers of services pursuant to section 1815 of the act [42 U.S.C. 1395g] to enable the Secretary to determine amounts due such providers.

Plaintiff brought this action to permanently enjoin defendant from disclosure of the cost reports. Plaintiff argues that disclosure is prohibited by the Freedom of Information Act, 5 U.S.C. §§ 552(b)(3) and 552(b)(4); by the Trade Secrets Act, 18 U.S.C. § 1905 (a criminal statute); and that disclosure would be an abuse of discretion under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

1. Plaintiff combines these last two points into one argument. However, they raise distinct legal issues and are addressed separately.

§ 1331. *Sears, Roebuck & Co. v. General Services Administration*, 180 U.S.App.D.C. 202, 553 F.2d 1378, 1380–1381 (1977). A stipulation of facts was entered into by counsel for the parties and is hereby incorporated by reference. The Court has also examined *in camera* plaintiff's 1977 cost report. For the reasons set forth below, the Court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

## THE FREEDOM OF INFORMATION ACT

■ Section 552(a) of the Freedom of Information Act (FOIA) requires that Federal Agencies make certain information available to the public. Section 552(b)(4) contains specific exceptions for privileged or confidential records.[2] Plaintiff argues that this provision prohibits disclosure. Defendant asserts that the exceptions contained in § 552 do not prohibit disclosure, but merely leave the question of disclosure to the Secretary's discretion. Defendant notes that 20 C.F.R. § 422.435 reflects the Secretary's decision to make such information available to the public.

The defendant's interpretation of § 552(b)(4) has been adopted by the Fifth Circuit in *Pennzoil v. Federal Power Commission*, 534 F.2d 627 (5th Cir. 1976). It is also the law in the majority of Circuits. *See Charles River Park "A", Inc. v. HUD*, 171 U.S.App.D.C. 286, 519 F.2d 935 (1975), *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172 (3rd Cir. 1977), *General Dynamics Corp. v. Marshall*, 572 F.2d 1211 (8th Cir. 1978). This result is clearly consistent with the purpose of the FOIA: to promote full disclosure of information to the public. *See Charles River Park, supra* at 941.

A recent case in the Middle District of Florida addressed the issue of whether § 552(b)(4) prohibits disclosure of Medicare cost reports. *Doctors Hospital of Sarasota v. Califano*, 455 F.Supp. 476 (D.C.Cir.1978).

In that case, the Court held that § 552(b)(4) does not prohibit disclosure of Medicare cost reports. The facts in *Doctors Hospital* are virtually identical to the case at bar. This Court concludes that § 552(b)(4) of the FOIA is not a bar to release of Medicare reports. Even if those reports are "confidential" within the meaning of the (b)(4) exemption, the Secretary has the discretionary power to disclose the reports to the public.

■ Plaintiff also relies on § 552(b)(3) as a prohibition on disclosure. That provision merely exempts from mandatory disclosure "matters that are . . . specifically exempted from disclosure by statute (other than Section 552(b))." Presumably, plaintiff relies on 18 U.S.C. § 1905 as the exempting statute. That issue can be disposed of summarily. Section 1905, a criminal provision, is not one of the "specific exemptions" referred to in § 552(b)(3). *See Charles River Park "A" supra*, at 941 n. 7; *See also United Technologies Corporation v. Marshall*, 78–8253–Civ–JE (S.D.Fla., Sept. 25, 1978). Thus, the exemption in § 552(b)(3) is not a bar to the Secretary's disclosure.

## THE TRADE SECRETS ACT

■ Plaintiff argues that 20 C.F.R. § 422.435 is invalid because it would violate 18 U.S.C. § 1905, the Trade Secrets Act. Section 1905 provides:

Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or *to any extent not authorized by law* any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report of record made to or filed with, such department or agency ·or officer or employee thereof, which information concerns or relates to the trade secrets,

---

**2.** 5 U.S.C. § 552(b)(4) provides:
This section [mandating disclosure] does not apply to matters that are . . .
   *   *   *   *   *   *

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential.

processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment. (Emphasis supplied).

Defendant argues that § 422.435 is a valid regulation bringing disclosure within the "authorized by law exemption" in Section 1905.

An initial problem, not raised by the parties, is whether a private civil cause of action may be predicated on § 1905, a criminal statute. Of the four Circuit Courts that have squarely addressed that issue in the FOIA context, three have concluded that a civil cause of action should not be implied. *Sears Roebuck & Co. v. Eckerd*, 575 F.2d 1197 (7th Cir. 1978). *General Dynamics Corp. v. Marshall*, 572 F.2d 1211 (8th Cir. 1978), *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172 (3rd Cir. 1977), *contra Westinghouse Electric Corp. v. Schlesinger*, 542 F.2d 1190 (4th Cir. 1976) *cert. denied* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977).

In the *Sears Roebuck* case the Seventh Circuit applied the four pronged test of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and concluded "on balance Section 1905 should not be interpreted to imply a private cause of action." *Sears Roebuck, supra* at 1202. The determining factors were the second and third prongs of the *Cort* test: that nothing in the legislative history of § 1905 indicated a Congressional intent to create a civil remedy, and that an implied civil action would not be consistent with the purpose of the statute. This latter point is particularly persuasive. The Administrative Procedure Act provides for judicial review by agency decisions. 18 U.S.C. § 1905 is a criminal statute designed solely to prevent government employees from surreptitiously divulging privileged in-formation. It was never intended as a vehicle for challenging an Administrative Agency regulation. This Court will not imply a civil cause of action when to do so would be both unnecessary and inconsistent with the Congressional purpose of the statute. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 477, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1976).

■ Assuming *arguendo* that a cause of action should be implied under § 1905, plaintiff's argument nevertheless fails. The Secretary's Regulation 422.435 was validly promulgated and has the force of law. Disclosure is therefore "authorized" by law within the meaning of § 1905. *Sears Roebuck & Co. v. Eckerd, supra; General Dynamics Corp. v. Marshall, supra; Chrysler Corp. v. Schlesinger, supra*, 565 F.2d at 1186–1187; *Westinghouse Electric Corp. v. United States Nuclear Regulatory Commission*, 555 F.2d 82, 94 (3rd Cir. 1977); and *Doctor's Hospital of Sarasota v. Califano, supra.* But *See Westinghouse Electric Corp. v. Schlesinger*, 542 F.2d 1190 (4th Cir. 1976). While there is no decision in this Circuit on the question, Judge Krentzman's decision in *Doctors Hospital of Sarasota v. Califano, supra* is in accord with this view.

## ABUSE OF DISCRETION

■ Plaintiff argues that disclosure of its Medicare cost reports by the Secretary would be an abuse of discretion within the meaning of § 706(2)(A) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Plaintiff argues in support of the position that disclosure is contrary to 18 U.S.C. § 1905. This Court has already determined that § 1905 does not prohibit disclosure of Medicare cost reports. Rather, the appropriate inquiry is whether the Secretary considered all of the relevant factors in formulating 20 C.F.R. § 422.435. The Fifth Circuit, in *Pennzoil v. Federal Power Commission*, 534 F.2d 627, 632 (5th Cir. 1976), held that an agency's decision to disclose information covered by an FOIA exemption could withstand judicial scrutiny only if the agency considered the following factors: (1) the extent to which disclosure would aid the

agency or the public; (2) the extent of the harm that disclosure might cause (a) suppliers of the information and (b) the public generally; and (3) the availability of alternatives to full disclosure that would adequately meet the agency's interest and that of the public but would at the same time protect the interests of the suppliers of the information. A review of the record before the Court demonstrates that 20 C.F.R. § 422.435 is not an abuse of discretion.

The Secretary's decision to disclose Medicare cost reports clearly meets the first criterion. Indeed, the primary reason for disclosure is the desire to increase public accountability of those who receive Medicare funds. In reaching a decision in favor of disclosure, the Secretary of HEW stated:

> The Freedom of Information Act would seem to require that these records be made available except that they may be withheld to the extent that the contain commercial or financial information which is privileged or confidential. However, the Social Security Administration has concluded that it is not in the public interest to withhold the reports from the public. The reimbursement of provider costs, the amount of which is determined through analysis of cost report data, is a public business, and, as such the records involved in the process of implementing this part of the program should be public records. Providers participating in Medicare and submitting such reports received a total of $6,821,463,000 for fiscal year 1973. An expenditure of public funds of this magnitude carries with it a corollary that the public assure itself the funds are properly paid. 40 Fed.Reg. at 27619.

The disclosure of the cost reports also seeks to provide the public with the information necessary to determine for itself the financial commitment of nursing homes and hospitals to certain departments or services, the financial stability of the institution, and ultimately to facilitate informed decisions in choosing nursing homes or hospitals.

Furthermore, disclosure to state governments such as health insurance commissioners or licensing agencies may aid them in fulfilling their responsibilities. In the present case, disclosure to the State Health Planning and Developing Agency is sought by Florida to assist that agency in performing the health planning function delegated to the states by Congress in the National Health Planning and Development Act of 1974. 42 U.S.C. § 300k, *et seq.*

The second criterion—the extent of harm to providers that disclosure might cause—was also considered. The Secretary specifically rejected the type of argument plaintiff has made as to the harm which will flow from disclosure. The Secretary concluded:

> The Social Security Administration knows of no evidence and does not accept the assertion that labor unions and consumer groups are seeking to destroy the hospitals of the United States. 40 Fed. Reg. at 27619.

Plaintiff has presented inadequate evidence to support the allegations that a serious disadvantage in labor negotiations will result from disclosure. Apparently, the proponents of such arguments before the Secretary similarly failed to substantiate them. Even assuming *arguendo* that some competitive harm might result in plaintiff's labor negotiations, that harm appears far outweighed by the benefit to the public through increased accountability of Medicare providers.

The final criterion to be considered is the availability of alternatives to full disclosure. The record demonstrates that the Secretary not only considered alternatives to full disclosure, but in fact attempted them. Prior to 1970, cost report information was kept confidential by the Secretary and his fiscal intermediaries. In 1970, cost report information was opened to public scrutiny but only to the extent of revealing "information relating to payments to, and utilization data concerning, providers and other organizations and facilities furnishing services under Title XVIII of the Act . . . ." The Commissioner of Social Security determined that although this limited amount of disclosure was useful, it was not sufficient.

Suggestions were made to the Secretary prior to the finalization of 20 C.F.R. § 422.-435 that costs reports be released "only to those who have a legitimate and beneficial use, and not to competitors." These suggestions were rejected as being inconsistent with the policy of the FOIA, which generally does not permit an agency to inquire why a member of the public wishes a particular record. 40 Fed.Reg. at 27619. It was also suggested that providers be given the option of preparing an abstract of the cost report and that the abstract be released to the public. This alternative was rejected as being contrary to the purpose of disclosure because it would enable the provider to conceal any information it chose. 40 Fed. Reg. at 27619.

This Court concludes that the Secretary's decision to release Medicare cost reports fully satisfies the requirements set forth in *Pennzoil.* Therefore, the Court finds that the Secretary's decision was not arbitrary, capricious or an abuse of discretion. See *Doctors Hospital of Sarasota, Inc. v. Califano, supra.*

Plaintiff has also alleged in its Complaint that 20 C.F.R. § 422.435 violates the Privacy Act and the Fourth & Fifth Amendments of the Constitution. Plaintiff has not raised these claims in opposition to defendant's motion for summary judgment. Nevertheless, the Court considers them without merit. It is thereupon

ORDERED and ADJUDGED that defendant's motion for summary judgment is GRANTED.