607 F.2d 234
 21 Fair Empl.Prac.Cas. 568,
22 Empl. Prac. Dec. P 30,609
GENERAL DYNAMICS CORPORATION, Appellee,
v.
Ray MARSHALL, Secretary, United States Department of Labor;
Rogers C. B.Morton, Secretary, United States
Department of Commerce; Philip J.
Davis,Director, Office of
Federal Contract
Compliance
Programs,
United
StatesDepartment
of Labor;
RobertJ.
Blackwell,
Assistant
Secretary
for
Maritime
Affairs,
United
StatesDepartment
of
Commerce;
John M.
Heneghan,
Director,
Office of
Civil
Rights,Maritime
Administration,
United
States
Department
of
Commerce;
William
P.Clements,
Deputy
Secretary,United
States
Department
of
Defense;
Frederick
A.
Schreiber,
Director,Contracts
Compliance,
Defense
Contract
Administration
Services
Region,
LosAngeles,
California,
Defense
Supply
Agency,
United
States
Department
ofDefense;
Lt. Gen.
Wallace
H.Robinson,
Jr.,
Director,
Defense
Supply
Agency,
United
States
Department
ofDefense;
and James
W. Cisco,
Administration
Chief,
Contracts
AdministrationServices,
Defense
Contract
Administration
Services,
Defense
Supply
Agency,United
StatesDepartment
of
Defense,
Appellants.
 No. 77-1192.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1979.
Decided Nov. 30, 1979.
 
 Douglas N. Letter, Atty., Civ. Div., App. Section, Dept. of Justice, Washington, D. C. (argued), Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Robert Kingsland, U. S. Atty., St. Louis, Mo., and Leonard Schaitman, Atty., Civ. Div., App. Section, Dept. of Justice, Washington, D. C., on brief, for appellants.
 Thomas E. Douglass, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo. (argued), Richmond C. Coburn, St. Louis, Mo., on brief, for appellee.
 Charles E. Hill, Washington, D. C., for amicus curiae Consumer Federation of America.
 Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This court's earlier opinion was remanded by the Supreme Court for consideration in the light of its opinion in Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).
 
 
 2
 We held previously that General Dynamics' only recourse to prevent disclosure to a third party of information it submitted to a federal agency was review of the agency's decision under the Administrative Procedure Act; this was in accord with the Chrysler v. Brown decision. We also held the agency's record was inadequate for review. We therefore remanded for the district court to have the agency supplement its record or make further determinations as to whether exemptions to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, were applicable and if so, whether under the agency's regulations disclosure would be in the public interest and would not impede the discharge of agency functions. General Dynamics Corp. v. Marshall, 572 F.2d 1211, 1218 (8th Cir. 1978). In light of Chrysler v. Brown, we now modify our earlier order and instruct the district court to remand to the agency for determination of whether under the agency's regulations disclosure would be in the public interest and would not impede the discharge of agency functions and, in the event that the agency finds that disclosure is desirable, for the additional determination of whether disclosure is forbidden by the provisions of the Trade Secrets Act, 18 U.S.C. § 1905.
 
 
 3
 As the legislative history of the 1976 amendment to FOIA's exemption three, 5 U.S.C. § 552(b)(3), makes clear, Section 1905 does not permit withholding of information otherwise required to be disclosed under FOIA, because the section only prohibits disclosure "not authorized by law." H.R.Rep.No.880, 94th Cong., 2d Sess., at 23 (1976), 1976 U.S.Code Cong. & Admin.News 2183, 2205.[1] Therefore, the agency must first determine whether the information comes within an exemption from FOIA's mandate of disclosure; if it does, the agency may proceed with its discretionary decision whether disclosure is in the public interest and not harmful to agency functioning. If it decides disclosure is desirable, it must then determine whether disclosure is forbidden under the Trade Secrets Act.
 
 IT IS SO ORDERED.[2]
 
 4
 GIBSON, Chief Judge, concurring.
 
 
 5
 In the interest of most expeditiously resolving this controversy, I wish to emphasize the Supreme Court's holding in Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), that the agency's regulations do not insulate it from the prohibitions of the Trade Secrets Act, and the agency's regulations do not constitute legislative authorization for release of information otherwise restricted by statute. Regrettably, remanding this case back to the agency is necessary because of the inadequacy of the administrative record, which we noted in our earlier opinion. General Dynamics Corp. v. Marshall, 572 F.2d 1211, 1218 (8th Cir. 1978). Obviously, the finding that compliance with the agency's regulations would not render disclosure "authorized by law" within the meaning of 18 U.S.C. § 1905 does not diminish the need for a better administrative record. The legal basis and factual support for the agency action becomes more important in reviewing the agency's determination.
 
 
 6
 Furthermore, I wish to reemphasize that this court does not provide guidance on the proper scope of the Trade Secrets Act in the present posture of this case because the issue may become moot upon the remand to the agency. Ante, at ----, n.2. We recognize, however, that in the context of disclosures that may arguably impair a company's competitive position, it will be difficult to determine precisely which piece of information is necessary to complete the picture of that company's operations that would allow a competitor to undermine the company. Because of this difficulty, I urge the agency to evaluate carefully the requested disclosure and recognize the legitimate concerns of General Dynamics.
 
 
 
 [1]
 In its report on the Government in Sunshine Act, the House Committee on Government Operations commented on the relationship between 18 U.S.C. § 1905 and FOIA. While the Senate bill's amendment of exemption three passed in lieu of the House bill, no change was indicated in the intended interaction of the two Acts. The committee made the following comments in its report:
 Under the amendment, the provision of the Federal Aviation Act of 1958 that was the subject of Robertson, and which affords the FAA Administrator Carte blanche to withhold any information he pleases, would not come within exemption 3. Similarly, the Trade Secrets Act, 18 U.S.C. § 1905, which relates only to the disclosure of information where disclosure is "not authorized by law," would not permit the withholding of information otherwise required to be disclosed by the Freedom of Information Act, since the disclosure is there authorized by law. Thus, for example, if material did not come within the broad trade secrets exemption contained in the Freedom of Information Act, section 1905 would not justify withholding; on the other hand, if material is within the trade secrets exemption of the Freedom of Information Act and therefore subject to disclosure If the agency determines that disclosure is in the public interest, section 1905 must be considered to ascertain whether the agency is forbidden from disclosing the information. See Charles River Park "A", Inc. v. Dept. of Housing and Urban Development, (171 U.S.App.D.C. 286, 292 n.7) 519 F.2d 935, 941 n.7 (D.C. Cir. 1975), and cases there cited.
 (Emphasis added).
 
 
 [2]
 The agency should have the opportunity to decide in its discretion whether to disclose, using proper standards: the public interest and impediment to agency functioning. If it decides not to disclose, no judicial review will be necessary. If it decides to disclose, both the district court and this court should have the benefit of the agency's interpretation of the Trade Secrets Act and the applicability of FOIA exemptions in their review. Interpretation of the Trade Secrets Act and its application to the information in question here is not a facile determination. The Government finds support in legislative history that suggests disclosure is not barred; General Dynamics urges the contrary. For these reasons, we feel any determination by this court as to the proper scope and ambit of Section 1905 would be premature until the agency has first acted in accord with our remand