**Maria del Carmen Llanso de REAL, et al., Plaintiffs-Appellants,**

v.

**William E. SIMON, as Secretary of the Treasury of the United States of America, et al., Defendants-Appellees.**

**No. 74–1747.**

United States Court of Appeals, Fifth Circuit.

June 12, 1975.

Joseph A. McGowan, Miami, Fla., for plaintiffs-appellants.

Robert W. Rust, U. S. Atty., Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., William B. Saxbe, Atty. Gen., William Olson, Asst. Atty. Gen., Robert L. Kench, Benjamin C. Flannagan, Thaddeus B. Hodgdon, Jonathan B. Smith, Attys., U. S. Dept. of Justice, Washington, D. C., John O'Neill, Law Dept., New York City, for defendants-appellees. .

ON PETITION FOR REHEARING
AND REHEARING EN BANC

Before BELL, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

In its Petition for Rehearing, the Government asks that we vacate our opinion herein. The Government asserts that it was justified in blocking the remaining portion of Urbano Real's estate because (1) there was a Cuban interest in the estate *prior* to the date of blocking, (2) there may be Cuban heirs or creditors who presently have an interest in the estate, or (3) the Cuban government could have some sovereign interest in the estate. These assertions are speculative, for the most part. For example, this case comes to us in a posture where no party disputes the Florida state court's determination that appellants are the only heirs of Urbano Real entitled to inherit his estate. More important, however, is the fact that under 31 C.F.R. §§ 515.319 and 515.327 (1974), the only stated basis for finding a Cuban interest in the estate which would justify blocking it is the interest of the decedent himself. We reaffirm our holding that this notion of "dead hand" control is arbitrary and without statutory authorization. We decline to decide whether the additional considerations, presented to us for the first time in this Petition for Rehearing, would justify the Government's action in this case. An agency's action must be upheld, if at all, "on the same basis articulated . . . by the agency itself." Burlington Truck Lines v. United States, 371 U.S. 156, 168–169, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962). As the Supreme Court has stated, "[A] reviewing court . . . must judge the propriety of such agency action solely by the grounds invoked by the agency," S. E. C. v. Chenery, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947), and its decision cannot be based on "appellate counsel's *post hoc* rationalizations for agency action . . . ." Burlington Truck Lines v. United States, *supra*, 371 U.S. at 169, 83 S.Ct. at 246. The regulations' sole justification for blocking the estate in question is invalid, and the Government's action pursuant thereto is therefore improper.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.