**CEDARS NURSING & CONVALESCENT CENTER, INC.**

v.

**AETNA LIFE AND CASUALTY INSURANCE CO. et al.**

Civ. A. No. 79–1416.

United States District Court, E. D. Pennsylvania.

May 7, 1979.

Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer and Jamieson, Philadelphia, Pa., for plaintiff.

Joan K. Garner, Sp. Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff is a provider of medical and custodial services. Defendant Aetna is the fiscal intermediary and agent of defendant United States Department of Health, Education and Welfare ("HEW"). Under the provisions of 42 U.S.C. § 1395g and regulations promulgated at 20 C.F.R. § 405.406(b), plaintiff was required to and did provide annual cost reports to the Secretary of HEW through Aetna, the fiscal intermediary. Following a request submitted by a Mrs. Marilyn A. Doyle under the Freedom of Information Act, Aetna has given notice of its intention to release to her the cost report of the plaintiff for the fiscal year ending June 30, 1978. Plaintiff seeks to enjoin the release of the report.

On April 19, 1979 we granted a temporary restraining order, and on April 27, 1979 held a hearing on plaintiff's motion for a preliminary injunction. At the conclusion of plaintiff's evidence, the defendants moved to dismiss the motion for a preliminary injunction. Since the parties have now agreed that the case may be treated as if heard on final hearing, F.R.Civ.P. 65(a)(2), we will treat defendants' motion as a motion for judgment, which we will grant.

Under *Chrysler Corporation v. Brown*, —— U.S. ——, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), it is now definitively settled that a reverse right of action was not created by the Freedom of Information Act, 5 U.S.C. § 552. That is to say, while a suit may lie to compel disclosure of information, no suit will lie under the Act to restrain disclosure. Likewise, the Court held, the Trade Secrets Act, 18 U.S.C. § 1905, did not create a private right of action to enjoin disclosure. However, review of an agency decision to disclose information may be had under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and it is this review that the plaintiff here seeks.

Under the APA, a reviewing court shall "hold unlawful and set aside agency action . . . not in accordance with law . . .". 5 U.S.C. § 706(2)(A). As *Chrysler* made clear, any disclosure "that violates [18 U.S.C.] § 1905 is 'not in accordance with law' within the meaning of 5 U.S.C. § 706(2)(A)." —— U.S. at ——, 99 S.Ct. at 1726. Thus, the narrow question which we must answer is whether or not the disclosure contemplated in the instant case is one prohibited by § 1905.

Counsel for the government has conceded that the information, the disclosure of which plaintiff seeks to enjoin, *is* the type of information embraced by the terms of § 1905, but argues that that section forbids disclosure *only* when "not authorized by law". The government contends that the disclosure of the information here involved is authorized by law by virtue of regulations promulgated by the Secretary of HEW and codified at 20 C.F.R. § 422.435.

*Chrysler* held that a regulation has the force of law if it satisfies three requirements: (1) it must be substantive in nature, that is it must be one "affecting individual rights and obligations"; (2) it must have been promulgated in conformity with procedural requirements imposed by Congress; and (3) it must be supported by a clear delegation from Congress of the requisite legislative authority. The plaintiff concedes that the regulation here involved satisfies the first two of these three requirements. The government points to 42 U.S.C. § 1306 as satisfying the last of the three. That section is specifically concerned with

the disclosure "of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education and Welfare". Disclosure of such information is forbidden by § 1306 "except as the Secretary of Health, Education and Welfare . . . may by regulations prescribe". This we think is a clear delegation by Congress to the Secretary of the legislative power, referred to in *Chrysler,* to make regulations governing disclosure.[1]

We reject the plaintiff's arguments that 42 U.S.C. § 1306 is indistinguishable from 5 U.S.C. § 301, a statute which the Court in *Chrysler* found not to contain "a substantive grant of legislative power to promulgate rules authorizing the *release* of trade secrets or confidential business information." —— U.S. at ——, 99 S.Ct. at 1722 (emphasis in original). As the Court in *Chrysler* recognized, 5 U.S.C. § 301 is merely a general " 'housekeeping statute,' authorizing . . . 'rules of agency organization, procedure or practice' as opposed to 'substantive rules.' " *Id.* By contrast, 42 U.S.C. § 1306 is, as we have noted, specifically concerned with the disclosure of information pertaining to a discrete subject matter, and by its very terms contemplates the issuance of substantive regulations permitting such disclosure.

Since the regulation permitting disclosure here satisfies all three of the requirements set forth in *Chrysler,* it has the force of law. It follows that this contemplated disclosure is one authorized by law and therefore does not fall within the interdiction of § 1905.[2] We have therefore ordered that judgment be entered in favor of the defendants.

---

1. *See Doctors Hospital of Sarasota, Inc. v. Califano,* 455 F.Supp. 476, 479 (M.D.Fla.1978) ("The issuance of the regulation [20 C.F.R. § 422.435] would appear to be authorized ab initio by 42 U.S.C. § 1306 . . .").

2. *See Westinghouse Electric Corp. v. U. S. Nuclear Regulatory Commission,* 555 F.2d 82, 94 (3d Cir. 1977), holding that disclosure pursuant to a regulation having the "force of law" is "authorized by law" and thus not prohibited by § 1905.