**BROOKWOOD MEDICAL CENTER, INC., Bessemer Carraway Medical Center, Inc., Carraway Methodist Medical Center, Inc., the Eye Foundation Hospital, Lloyd Nolan Foundation, Inc., Longview General Hospital, Inc., Baptist Medical Centers—Montclair, Baptist Medical Centers—Princeton, East End Memorial Hospital, St. Vincent's Hospital, Walker County Medical Center, Inc., and Community Hospital, Inc.,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare.**

**SHALLOWFORD COMMUNITY HOSPITAL, Metropolitan Eye & Ear Hospital, Inc., Peachford Hospital, Inc., Broad Oaks Hospital, Inc., Desert Springs Hospital, Inc., Charter Medical Corporation d/b/a Gulf Coast Community Hospital, Lakeside Hospital, Inc., Braclay Hospital, Inc., Mesquite Memorial Hospital, Inc., Middle Georgia Hospital, Inc., Physicians and Surgeons Hospital, Inc., Health Services, Inc., d/b/a Retreat Mental Health Hospital, Charter Medical—Alabama, Inc., d/b/a Southland Hospital, Stuart Circle Hospital Corporation, Westbrook Psychiatric Hospital, Inc., Kellogg Psychiatric Hospital, and Charter Medical Corporation**

v.

**Joseph H. CALIFANO, Jr., Secretary of the Department of Health, Education and Welfare, and Mutual of Omaha Insurance Company.**

Civ. A. Nos. 78–2184, 79–136.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 25, 1979.

Jan Tore Hall, Roger W. Dickson, Sto-phel, Caldwell & Heggie, Chattanooga, Tenn., Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for plaintiffs in case No. 78–2184.

Robert J. Castellani, First Asst. U. S. Atty., William L. Harper, U. S. Atty., Atlanta, Ga., for defendants in both cases.

William E. Hoffmann, Jr., Trotter, Bondurant, Griffin, Miller & Hishon, Atlanta, Ga., for plaintiffs in case No. 79–136.

## ORDER

HAROLD L. MURPHY, District Judge.

This action arises out of the operation of plaintiff hospitals as providers of Medicare services pursuant to Title 18 of the Social Security Act, 42 U.S.C. § 1395, et seq. Plaintiffs Brookwood Medical Center, Inc., et al. instituted this action seeking to enjoin release by the defendant Secretary of provider cost reports filed with the Department of Health, Education and Welfare [Hereinafter "H.E.W."]. A similar action was instituted by plaintiffs Shallowford Community Hospital, Inc., et al. against H.E.W. and Mutual of Omaha Insurance Company as the financial intermediary for H.E.W. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, the Freedom of Information Act ["FOIA"], 5 U.S.C. § 552 and the Administrative Procedure Act ["APA"], 5 U.S.C. § 701. Because of common questions of law and fact involved the actions were consolidated by court order dated February 13, 1979.

Under the provisions of 42 U.S.C. § 1395g and regulations promulgated at 20 C.F.R. § 405.406(b), plaintiffs are required to file provider cost reports with the Secretary of H.E.W. or a financial intermediary in order to receive reimbursement for services provided under the Medicare program. Plaintiffs complied with this filing requirement. Subsequently, plaintiffs were informed by the defendant that he received one or more requests from third parties for the release and disclosure of portions of those cost reports. The Secretary informed the plaintiffs that the requested portions of the cost reports would be released pursuant to 20 C.F.R. § 422.435. The plaintiffs filed this action to enjoin disclosure by H.E.W.[1]

On December 22, 1979, a temporary restraining order was entered in Civil Action No. 78–2184A enjoining the defendant or his agents from releasing the provider cost reports. This was followed by the issuance of a preliminary injunction to the same effect on January 8, 1979. A similar pre-

---

1. Certain provider cost reports were released prior to the filing of this action. In each case however there are outstanding disclosure re-quests which have not been satisfied thus preserving the justiciable nature of the controversy between the parties.

liminary injunction was first entered in Civil Action No. 79–136A on March 15, 1979. The injunctions were extended pending the Supreme Court's decision in *Chrysler v. Brown,* —— U.S. ——, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) [Hereinafter *"Chrysler"*] the outcome of which would have a substantial bearing on the issues before this Court. The injunctions were additionally extended until May 28, 1979, in order to give the parties and the Court sufficient time to assess the impact of the *Chrysler* decision. The Court is now ready to render its decision on the parties' motions for permanent injunctive relief and summary judgment.

The Supreme Court's decision in *Chrysler* has simplified the issues before the Court. It cannot be argued that the FOIA, 5 U.S.C. § 552, creates a cause of action to bar disclosure. Equally clear, is the Supreme Court's holding that the Trade Secrets Act, 18 U.S.C. § 1905, did not create a private right of action to enjoin disclosure in violation of the Statute.

 Review of an agency decision to disclose information is available under the APA, 5 U.S.C. § 706. The Court has jurisdiction to review the agency action under the APA pursuant to 28 U.S.C. § 1331. See, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In such a review the Court is authorized to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . ." 5 U.S.C. § 706(2)(A). The issue now presented is whether H.E.W.'s disclosure of Medicare provider cost reports violates the provisions of 18 U.S.C. § 1905 and therefore should be enjoined by the Court.

The Trade Secrets Act provides:

Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905. Assuming, without deciding, that the provider cost reports come within the protection of that Act, the question presented is whether or not H.E.W.'s regulation, 20 C.F.R. § 422.435 provides the "authoriz[ation] by law" required by the Act for disclosure.

The *Chrysler* Court held that a regulation has the "force and effect of law" if it satisfies three requirements: (1) it must be a substantive rule, that is one "affecting individual rights and obligations"; (2) it must have been promulgated in conformity with procedural requirements imposed by Congress; and (3) it must be supported by a grant of authority from Congress which contemplated the regulation issued, that is there must be "a nexus between the regulations and some delegation of the requisite legislative authority by Congress" *Chrysler,* 99 S.Ct. at 1719.

The regulation before the Court clearly satisfies the first two criteria. Under *Chrysler,* there is no doubt that the statute, governing the public's right to information and the providers' right to confidentiality "affects individual rights and obligations." The regulation also satisfies the second *Chrysler* requirement since it was properly promulgated. See, *Westchester General Hospital, Inc. v. Department of Health, Education and Welfare,* 464 F.Supp. 236 (M.D. Fla.1979). The third requirement presents a more difficult question.

The Secretary has relied on three Statutes to provide authorization for 20 C.F.R. § 422.435. Sections 405 and 1302 of Title 42 are clearly insufficient. Section 405 speaks in terms of "necessary or appropriate" regulations to carry out the provisions of that subchapter. This language was specifically rejected by the Court in *Chrysler.* Section 1302 is a "housekeeping statute" authorizing regulations for agency administration. Statutes of this nature were also specifically rejected in *Chrysler* as authority for the disclosure regulation.

The primary statute relied on by the Secretary is section 1106(a) of the Social Security Act, 42 U.S.C. § 1306(a) which prohibits disclosure of various information except as the Secretary "may by regulation prescribe."

Courts which have considered this exact issue are evenly split. The District Court for the Northern District of Ohio held that, "The grant of authority to the secretary under section 1106(a) is expressly limited to adoption of regulations to relax the prohibitions of section 1106(a). Conversely, section 1106(a) does not extend authority to the secretary to adopt a regulation having the force of law that would remove the prohibitions of section 1905." *The Diplomat Lakewood, Inc. v. Blue Cross of Northeast Ohio,* Civil Action No. C77–718 (N.D.Ohio 1977). A more recent decision issued shortly after *Chrysler* stated that section 1106 is, "specifically concerned with the disclosure of information pertaining to a discrete (sic) subject matter, and by its very terms contemplates the issuance of substantive regulations permitting such disclosure" *Cedars Nursing and Convalescent Center, Inc. v. Aetna Life and Casualty Insurance Co.,* 472 F.Supp. 296 (E.D.Pa. 1979). No other cases found by the Court or the parties address this exact point.

The *Chrysler* Court was very clear in holding that an agency's regulation could provide the legal authority required for exemption from section 1905. Further, this Court notes that the statutes rejected as a basis for granting legislative authority in *Chrysler* were very general in nature. That is, they did not deal with the specific problem of disclosure. It also appears that something less than an express grant of authority to exempt by regulation is sufficient. Section 1106(a), while not an express grant of such authority, does specifically allow disclosure of discrete, otherwise confidential information when called for by regulation. The "nexus" between the regulation and delegation of legislative authority, required by *Chrysler* is therefore present. The Court concludes that in enacting section 1106(a), Congress contemplated the issuance of 20 C.F.R. § 422.435. The Court further holds that section 1106(a) of the Social Security Act, 42 U.S.C. § 1306(a), provides Congressional authorization for a regulation providing for disclosure of information otherwise prohibited by the Trade Secrets Act, 18 U.S.C. § 1905.

With the resolution of issues described above, no further determinations remain for the Court. There being no remaining factual or legal issues, summary judgment may properly be granted for the defendant.

Accordingly, the defendants' motion for summary judgment in the above-styled cases is GRANTED. Plaintiffs' requests for relief and judgment are DENIED. The preliminary injunction previously entered is hereby VACATED.