**ST. MARY'S HOSPITAL, INC.,**
**Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, and Blue Cross of Florida, Defendants-Appellees.**

No. 79–1421
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1979.

---

* 5th Cir. R. 18. *See Isbell Enterprises, Inc. v. Citizens Casualty Co.*, 431 F.2d 409, 410–414 (5th Cir., 1970).

J. Timothy Sheehan, West Palm Beach, Fla., for plaintiff-appellant.

Leonard Schaitman, Eloise E. Davies, App. Staff, Civ. Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Linda M. Cole, Appellate Staff, Civil Div., Dept. of Justice, Washington, D. C., for Blue Cross of Florida.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges:

VANCE, Circuit Judge:

Appellant St. Mary's Hospital, Inc., a provider of Medicare services pursuant to Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395rr, appeals the district court's order granting summary judgment in favor of appellees Joseph A. Califano, Jr., Secretary of Health, Education and Welfare, and Blue Cross of Florida, Inc., his fiscal intermediary. St. Mary's contends on appeal that the district court erred in upholding Blue Cross' legal authority under 20 C.F.R. § 422.435 (1979) to disclose to third parties the cost reports St. Mary's submitted to HEW.

St. Mary's, a Florida not-for-profit corporation, owns and operates a 316 bed hospital in West Palm Beach, Florida. As a participant in the Medicare program, the hospital must file cost reports with the Secretary or Blue Cross to receive reimbursement for the reasonable cost of covered services rendered to eligible beneficiaries. 42 U.S.C. § 1395g.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, the State of Florida Department of Health and Rehabilitative Services and the Palm Beach Post Times submitted to appellees written requests for copies of the hospital corporation's 1976 and 1977 cost reports. In compliance with an HEW regulation, 20 C.F.R. § 422.435 (1979),[1] which mandates the public disclosure of cost reports, Blue Cross released the 1976 reports, and would have released the 1977 reports had the district court not granted appellant's request for a preliminary injunction pending disposition of its case on the merits.

St. Mary's presented three arguments to the district court supporting its contention that despite 20 C.F.R. § 422.435 the disclosure of Medicare providers' cost reports was illegal. First, it claimed that the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)&(4),[2] exempted the reports. Second, it objected to disclosure under the Trade Secrets Act, 18 U.S.C. § 1905.[3]

---

1. 20 C.F.R. § 422.435 (1979) provides in pertinent part,

    The following shall be made available to the public under the conditions specified: . . (c) Upon request in writing, cost reports submitted by providers of services pursuant to section 1815 of the Act [42 U.S.C. § 1395g] to enable the Secretary to determine amounts due such providers.

2. The Freedom of Information Act, 5 U.S.C. § 552(b)(3) and (4), exempts the following matters from the required disclosures:

    (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

    (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

    .    .    .    .    .

3. The Trade Secrets Act, 18 U.S.C. § 1905, provides,

    Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data,

Third, it contended that HEW had abused its discretion under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A) and (C),[4] in promulgating the challenged regulation. The district court rejected all three arguments on cross motions for summary judgment, finding that HEW and Blue Cross have authority to disclose the cost reports.

On appeal, St. Mary's has narrowed its challenge. The contention that the challenged regulation deals with materials exempted by FOIA is no longer asserted as an independent basis for enjoining disclosure.[5] Rather, St. Mary's argues that, because disclosures pursuant to 20 C.F.R. § 422.435 are not "authorized by law" within the meaning of the Trade Secrets Act, they violate the APA, 5 U.S.C. § 706(2)(C). Alternatively, it contends that even if 42 U.S.C. § 1306 of the Social Security Act provides the requisite authority for the challenged regulation, promulgating that regulation constituted an abuse of discretion under § 706(2)(A) in that the regulation was in derogation of § 1905. In light of the Supreme Court's recent decision in *Chrysler Corp. v. Brown,*

441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), these arguments fail, and the district court's judgment must be affirmed.[6]

In *Chrysler* the court held that the Trade Secrets Act bars only disclosures not authorized by law. To determine whether a regulation pursuant to which a disclosure has been made has the "force and effect of law" necessary to provide the authorization contemplated by § 1905, it must satisfy three requirements. First, the regulation must be a substantive or legislative-type rule. Second, it must be promulgated according to the APA's rule-making requirements. Third, the regulation must be promulgated pursuant to legislative authority delegated to the agency by Congress. *Chrysler Corp. v. Brown,* 441 U.S. at 294–309, 99 S.Ct. at 1714–1721. When, as here, these three requirements are met, § 706(2)(A) & (C) is satisfied because the authorization by law required under § 1905 exists.

As defined in *Chrysler,* a regulation is substantive if it affects individual rights and obligations. Because it governs "the public's right to information . . . and the confidentiality rights of those who sub-

---

amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment.

4. The Administrative Procedure Act, 5 U.S.C. § 706 provides in pertinent part,

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

.    .    .    .    .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

.    .    .    .    .

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

.    .    .    .    .

5. In effect, St. Mary's has decided not to pursue a "reverse FOIA" theory of the sort rejected by the Supreme Court in *Chrysler Corp. v. Brown,* 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). In that case the court held *inter alia* that FOIA is "purely a disclosure statute," affording no basis for parties to bring "reverse FOIA" suits, *id.* at 285, 99 S.Ct. at 1709:

FOIA by itself protects the submitters' interest in confidentiality only to the extent that this interest is endorsed by the agency collecting the information.

*Id.* at 293, 99 S.Ct. at 1713.

6. St. Mary's also contends that the district court erred in suggesting as an alternative justification for its decision that the Trade Secrets Act, 18 U.S.C. § 1905, has no application to this cause. As the *Chrysler* court found, § 1905 does apply. Though a § 1905 violation does not give rise to a separate cause of action, "any such violations may have a dispositive effect on the outcome of judicial review of agency action." 441 U.S. at 317, 99 S.Ct. at 1725. In light of our discussion in the text and the alternative holding of the district court, the court's erroneous suggestion does not warrant reversal of its decision.

mit information," 20 C.F.R. § 422.435 is a substantive regulation. 441 U.S. at 303, 99 S.Ct. at 1718. *Compare* 20 C.F.R. § 422.435 (cost reports) *with* 42 U.S.C. § 1306(d) (performance reports).

The Social Security Administration promulgated 20 C.F.R. § 422.435 in accordance with the APA. The Secretary published the proposed regulation in the Federal Register, interested persons were given the opportunity to comment, and the Secretary set forth his reasons for issuing the regulation after explicitly considering these comments. *See* 40 Fed.Reg. 27648–27651 (1975). Since the regulation was authorized by the Social Security Act, 42 U.S.C. § 1306, discussed below, § 706(2)(C) was not violated. In addition, the trial court correctly found that promulgation of the regulation was not "arbitrary, capricious, or an abuse of discretion." *See Pennzoil Co. v. Federal Power Commission*, 534 F.2d 627, 631 (5th Cir. 1976).

7. Section 1106(a) of the Social Security Act, 42 U.S.C. § 1306 applies to Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395rr, including the Medicare program. Section 1306 provides in pertinent part,

(a) No disclosure . . . . of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare, or the Secretary of Labor, or by any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor in the course of discharging their respective duties under this chapter, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor shall be made *except as the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, may by regulations prescribe and except as provided in part D of subchapter IV of this chapter.* Any person who shall violate any provision of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both.

42 U.S.C. § 1306(a) (emphasis added).

8. H.R.Rep. No. 728, 76th Cong., 1st Sess. 77 (1939); S.Rep. No. 734, 76th Cong., 1st Sess. 88–89 (1939). When it amended the Social

The Secretary promulgated 20 C.F.R. § 422.435 pursuant to legislative authority delegated to him by Congress in 42 U.S.C. § 1306.[7] Section 1306 bars the disclosure of Medicare providers' costs reports unless the Secretary in his discretion promulgates a regulation like 20 C.F.R. § 422.435 ordering disclosure of these reports. Statutory language, legislative history[8] and judicial construction[9] support this interpretation of § 1306.[10] At the very least § 1306 may reasonably be construed to contemplate the promulgation of 20 C.F.R. § 422.435. *Chrysler Corp. v. Brown*, 441 U.S. 304, 99 S.Ct. at 1720.

We conclude that 20 C.F.R. § 422.435 was authorized by law within the meaning of the Trade Secrets Act, 18 U.S.C. § 1905, and that this substantive regulation was duly promulgated in accordance with the APA under the authority granted the Secretary in § 1306.

Security Act in 1950, Congress expressly retained the previous rule prohibiting the disclosure of information except pursuant to the Secretary's regulations. Social Security Act Amendments of 1950, ch. 809, § 403(d), 64 Stat. 559 (amending 42 U.S.C. § 1306), *reprinted in* [1950] U.S.Code Cong. & Admin.News, pp. 561, 639; S.Rep. No. 1669, 81st Cong., 2d Sess. (1950), *reprinted in* [1950] U.S.Code Cong. & Admin.News, pp. 3287, 3481; Conf.Rep. No. 2771, 81st Cong., 2d Sess. (1950), *reprinted in* [1950] U.S.Code Cong. & Admin.News, pp. 3482, 3511. Similarly, the 1972 amendments to the Social Security Act express no intent to limit the Secretary's authority to promulgate regulations permitting disclosure. S.Rep. No. 92–1230, 92d Cong., 2d Sess. 15 (1972).

9. *E. g., Schechter v. Weinberger*, 165 U.S.App. D.C. 236, 238, 506 F.2d 1275, 1277 (D.C.Cir. 1974); *Brookwood Medical Center, Inc. v. Califano*, 470 F.Supp. 1247, 1250 (N.D.Ga.1979).

10. Two district court decisions have reached the same conclusion we reach today on the *Chrysler* relation between § 1306 and 20 C.F.R. § 422.435. *See Cedars Nursing & Convalescent Center, Inc. v. Aetna Life & Casualty Insurance Co.*, 472 F.Supp. 296 (E.D.Pa.1979); *Brookwood Medical Center, Inc. v. Califano*, 470 F.Supp. 1247 (N.D.Ga.1979). In both cases the courts determined that a Medicare provider's cost reports fell within the authorized-by-law exception to the Trade Secrets Act, 18 U.S.C. § 1905.

The judgment of the district court is affirmed.

AFFIRMED.