HUMANA OF VIRGINIA, INC., d/b/a St. Luke's Hospital; Chippenham Hospital, Inc.; Johnston-Willis Hospital, Inc.; St. Elizabeth's Hospital, Inc., d/b/a St. Elizabeth's Hospital and Grace Hospital, Appellees,

v.

BLUE CROSS OF VIRGINIA; Joseph A. Califano, Jr., Secretary of Health, Education & Welfare; Mutual of Omaha Insurance Company, Appellants.

No. 78–1857.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1980.

Decided May 9, 1980.

Leonard Schaitman and Eloise E. Davies, App. Staff, Civil Division, Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellants.

G. H. Gromel, Jr., Richmond, Va. (Joseph M. Spivey, III, Hunton & Williams, Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and FIELD, Senior Circuit Judge.

FIELD, Senior Circuit Judge:

The plaintiffs/appellees are providers of services under the Medicare program [1] and, accordingly, are required to file cost reports, which contain detailed financial information, to their fiscal intermediary, Blue Cross of Virginia. 42 U.S.C. § 1395g; 42 C.F.R. § 405.453. The Secretary of Health, Education and Welfare has promulgated a regulation which provides that such cost reports shall be made available to the public upon written request. 20 C.F.R. § 422.435.[2] After plaintiffs were notified by Blue Cross that it intended to comply with a request for their cost reports by a third person, they filed this action to enjoin disclosure.

In the court below, plaintiffs alleged that the Secretary's regulation mandating disclosure contravenes both exemption 4 of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(4),[3] and the Trade Secrets Act, 18 U.S.C. § 1905.[4] The court concluded

---

1. Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq.

2. 20 C.F.R. § 422.435 provides in pertinent part:
   The following shall be made available to the public under the conditions specified:
   (c) Upon request in writing, cost reports submitted by providers of services pursuant to section 1815 of the Act to enable the Secretary to determine amounts due such providers.

3. 5 U.S.C. § 552(b)(4) provides:
   (b) This section does not apply to matters that are—
   (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential.

4. 18 U.S.C. § 1905 provides:
   Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm,

that release of the cost reports would likely cause substantial harm to plaintiffs' competitive positions, and held that they contain confidential financial information which was protected from disclosure by exemption 4 of the FOIA.[5] Relying upon our decision in *Westinghouse Electric Corp. v. Schlesinger*, 542 F.2d 1190 (4th Cir. 1976), *cert. den.* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977), the court enjoined disclosure of the cost reports.

Upon appeal we stayed argument pending the Supreme Court's decision in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), which involved several of the issues presented in this appeal. In *Chrysler*, the Court held that the FOIA does not create a private cause of action to enjoin disclosure of information which may fall within any of its exemptions. 441 U.S. at 294, 99 S.Ct. at 1714. Moreover, the Court held that 18 U.S.C. § 1905 does not create a private cause of action to enjoin the disclosure of information in violation of that statute. 441 U.S. at 316, 99 S.Ct. at 1725. The Court, however, did hold that an agency's decision to release information which allegedly contravenes § 1905 is subject to judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706(2)(A). 441 U.S. at 317, 99 S.Ct. at 1725. Under the APA a reviewing court must set aside agency action which is "not in accordance with law," 5 U.S.C. § 706(2)(A), and as the Court indicated in *Chrysler*, any disclosure which violates § 1905 is "not in accordance with law." 441 U.S. at 318, 99 S.Ct. at 1726. The Court further noted, however, that § 1905 does not bar disclosure of information which is "authorized by law." For the purpose of

this appeal, therefore, we must determine whether 20 C.F.R. § 422.435 provides the authorization by law contemplated by § 1905 which permits disclosure.[6] 441 U.S. at 301, 99 S.Ct. at 1717.

In *Chrysler*, the Supreme Court outlined the criteria to determine whether a regulation has the "force and effect of law" necessary to provide the authorization required by § 1905. First, the regulation must be a substantive or legislative-type rule. Secondly, the regulation must have been promulgated in accordance with the rulemaking requirements of the APA. Finally, it must be established that a nexus exists between the regulation and some delegation of the requisite legislative authority by Congress. 441 U.S. at 301–304, 99 S.Ct. at 1717–19. Since appellees concede that 20 C.F.R. § 422.435 satisfies the first two criteria, it is necessary that we consider only the latter requirement.

■ The grant of authority relied upon by a federal agency in promulgating regulations need not be specific; it is only necessary "that the reviewing court reasonably be able to conclude that the grant of authority contemplates the regulations issued." 441 U.S. at 308, 99 S.Ct. at 1721. The appellants contend that congressional authority for the promulgation of 20 C.F.R. § 422.435 is found in section 1106(a) of the Social Security Act, 42 U.S.C. § 1306(a), which provides:

No disclosure * * * of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare * * * shall be made except as the Secretary * * * may by regulations prescribe.[7]

partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment.

5. The district court made no separate determination with respect to the Trade Secrets Act for, as we stated in *Westinghouse Electric Corp. v. Schlesinger*, 542 F.2d 1190 (1976) *cert.*

*den.* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977), 18 U.S.C. § 1905 and exemption 4 of the FOIA are coextensive. 542 F.2d at 1204 n. 38.

6. We assume, without deciding, that disclosure of the cost reports would otherwise be prohibited by § 1905.

7. 42 U.S.C. § 1306(a) provides in its entirety:
(a) No disclosure of any return or portion of a return (including information returns and other written statements) filed with the

We agree with this contention of the appellants. Section 1306 prohibits the disclosure of "any file, record, report or other paper, or any information obtained at any time by the Secretary." Unquestionably, the cost reports fall within this comprehensive language, and absent any action by the Secretary, disclosure would be prohibited. Such material, however, is not exempt from disclosure for by its very terms the statute contemplates the issuance of regulations by the Secretary permitting such disclosure. We are in accord with those courts which have recognized the Secretary's broad discretion to permit disclosure of such information by regulation. *St. Joseph's Hospital Health Center v. Blue Cross of Central N. Y.*, —— F.Supp. —— No. 79–CV–416 (N.D. N.Y. July 11, 1979), *affirmed by Court order*, 614 F.2d 1290 (2 Cir. 1979); *cert. den.* —— U.S. ——, 100 S.Ct. 1650, 64 L.Ed.2d 238 (1980); *see Schecter v. Weinberger*, 506 F.2d 1275, 1277 (D.C.Cir.1974). We are of the opinion that "[a]t the very least § 1306 may reasonably be construed to contemplate the promulgation of 20 C.F.R. § 422.-435." *St. Mary's Hospital, Inc. v. Harris*, 604 F.2d 407, 410 (5 Cir. 1979), and that 20 C.F.R. § 422.435 is entitled to the "force and effect of law." Accordingly, disclosure of the cost reports pursuant to the regulation is not prohibited by § 1905. *Accord, St. Mary's Hospital, supra; St. Joseph's Hospital Health Center, supra; Cedars Nursing and Convalescent Center, Inc. v. Aetna Life and Casualty Co.*, 472 F.Supp. 296 (E.D.Pa. 1979); *Brookwood Medical Center, Inc. v. Califano*, 470 F.Supp. 1247 (N.D.Ga.1979).

■ Appellees also contend that the promulgation of 20 C.F.R. § 422.435 was arbitrary and capricious and must be set aside pursuant to 5 U.S.C. § 706(2)(A). In determining whether the promulgation of a regulation was arbitrary and capricious it is simply our function to ascertain whether the regulation was based on a consideration of the relevant factors. We are not to substitute our judgment for that of the Secretary, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971), and our determination is to be made on the administrative record and not by *de novo* review. *SEC v. Chenery Corp.*, 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943).

■ A review of the statement of promulgation reveals that the Secretary was of the opinion that release of the cost reports would make providers more accountable to the public and thus help to assure that funds are properly spent. The Secretary also concluded there was no indication that disclosure of the cost reports would cause irreparable harm to the health care industry. Furthermore, the Secretary considered and rejected the alternatives to disclosure, and concluded that permitting disclosure only to those "who have a legitimate and beneficial use, and not to competitors" would be inconsistent with the FOIA. In addition, the Secretary pointed out that giving the provider the option of preparing an abstract of the complete cost report was

Commissioner of Internal Revenue under Title VIII of the Social Security Act or under subchapter E of chapter 1 or subchapter A of chapter 9 of Title 26, or under regulations made under authority thereof, which have been transmitted to the Secretary of Health, Education, and Welfare or to the Secretary of Labor, as the case may be, by the Commissioner of Internal Revenue, or of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare, or the Secretary of Labor, or by any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor in the course of discharging their respective duties under this chapter, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor shall be made except as the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, may by regulations prescribe and except as provided in part D of subchapter IV of this chapter. Any person who shall violate any provision of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both.

unacceptable since it would enable the provider to conceal from the public any information he chose. Finally, the Secretary found that although the cost reports may contain confidential financial information, "it is not in the public interest to withhold the reports from the public." 40 Fed.Reg. 27,649. Based on the foregoing, we hold that the promulgation of 20 C.F.R. § 422.-435 was not arbitrary and capricious. *Accord, St. Mary's Hospital, Inc. v. Harris*, 604 F.2d 407, 410 (5 Cir. 1979); *St. Joseph's Hospital Health Center v. Blue Cross of Central N. Y.*, 489 F.Supp. 1052 (N.D. N.Y.1979), *affirmed by court order*, 614 F.2d 1290 (2 Cir. 1979), *cert. den.* —— U.S. ——, 100 S.Ct. 1650, 64 L.Ed.2d 238 (1980); *see, Pennzoil Co. v. Federal Power Commission*, 534 F.2d 627 (5 Cir. 1976).

The judgment of the district court is reversed, and the case is remanded with instructions to dissolve the injunction.

*REVERSED and REMANDED.*